**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-200 CAS |
| | ) | |
| MARK SCHNEIDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Paul Schneider for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a <u>pro</u> <u>se</u> complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). Alleged facts are clearly baseless when they are fanciful, fantastic, or delusional. <u>Id.</u>

## The Complaint

Plaintiff brings this action against his brothers, Mark and Michael Schneider, and his sister-in-law, Loretta Schneider. Plaintiff alleges that he and defendants are part of a conspiracy "to threaten, intimidate, extort, convert, frame, falsely accuse, falsely indict, falsely arrest, falsely jail, falsely convict, wrongfully imprison, wrongfully humiliated [*sic*], wrongfully to characterize, wrongfully defame, wrongfully to disinherit, violate civil rights, disenfranchise, victimize and civilly assassinate others under color of law and in abuse [*sic*] and misuse of our public courts and public officer corps powers for unjust economic and financial gains." Plaintiff believes that the United States Attorney for this District should bring a criminal action against him and his coconspirators.

Plaintiff also complains that he has been treated unfairly by the Illinois state courts since the 1970's. Plaintiff says that he has been involved in several property disputes with his family members in the courts of Madison County, Illinois. Plaintiff also says that he has been prosecuted for felonies by the officials of Madison County.

Plaintiff seeks an order declaring a quit claim deed null and void as well as money damages. Additionally, plaintiff seeks to remove all of his civil and criminal cases from Illinois state court to this Court.

**Discussion**

This Court may not review the decisions of the state courts because federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id. As a result, plaintiff's claims regarding state court decisions are frivolous.

Plaintiff may not maintain a 42 U.S.C. § 1983 action against his family because they are not state actors. As a result, plaintiff's civil rights claims directed at his family members are frivolous.

Plaintiff's allegations regarding a vast conspiracy, of which he claims to be a coconspirator, are clearly baseless under Denton. As a result, the claims regarding civil rights are factually frivolous.

Finally, plaintiff has filed a document titled "NOTICE OF CONSOLIDATION, REMOVAL AND TRANSFER." In this document, plaintiff says that he is removing "all the same issue civil and criminal court judicial actions pending in the Third Judicial Circuit Court of Madison County, Illinois" to this Court. This document has no legal effect. Plaintiff has not followed the procedural requirements for removing a state court action. 28 U.S.C. § 1446(a). The attempted removal is untimely. 28 U.S.C. § 1446(b)-(c). And plaintiff may not remove an action from Illinois to this Court; a state court action may only be removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). As a result, plaintiff has not removed any Illinois cases to this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**. [Doc. 4]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>20th</u> day of March, 2008.